IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DIEGO PALMA PEREZ,

                    Petitioner,

       vs.

PETER BERG, Minnesota Field Office
Director, Enforcement and Removal
Operations, U.S. Immigration & Customs
Enforcement; KRISTI NOEM, Secretary,
Department of Homeland Security; ALLEN
GILL, Deputy Director, U.S. Immigration &
Customs Enforcement, Omaha ICE Field
Office Director; JEROME KRAMER, Sheriff
of Lincoln County, Nebraska; and PAM
BONDI, Attorney General, United States;

                    Respondents.

**8:25CV494**

**ORDER TO SHOW CAUSE**

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Filing No. 1. Petitioner alleges he is being detained at the Lincoln County Detention Center in North Platte, Nebraska, by Immigration and Customs Enforcement (ICE), a division of the Department of Homeland Security (DHS) since June 10, 2025. He further alleges he is eligible for release on bond pursuant to an Immigration Judge's order, but that DHS has invoked an automatic stay provision, 8 C.F.R. § 1003.19(i)(2) which prevents his release pending DHS's appeal of the bond decision. Petitioner alleges his indefinite detention pursuant to the automatic stay provision exceeds Respondents' statutory authority to detain him in violation of his due process rights.

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or

person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders Petitioner to serve his petition and a copy of this Order on Respondents forthwith and file proof of service with the Court. Thereafter, Respondents shall show cause why Petitioner's writ should not be granted, Petitioner may reply, and the Court will hold a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Furthermore, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Petitioner may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

IT IS ORDERED:

1. Petitioner shall serve his petition and a copy of this Order on Respondents forthwith and file proof of such service with the Court.

2

2. Respondents show cause why the Petition for Writ of Habeas Corpus should not

   be granted within three business days after Petitioner serves them.

3. Petitioner shall have three business days from the date of Respondents' response

   to file a reply.

4. The Cout will thereafter set a prompt hearing on this matter.

5. Furthermore, Respondents shall not remove Petitioner from the United States or

   the District of Nebraska until further order of the Court.

   Dated this 11th day of August, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
